HALL, Judge.
This is an appeal from a final declaratory judgment granting the Abdullaj family the full use and benefit of their real property as permitted by the city’s zoning and land use designations. We affirm.
The Abdullajs’ are the owners óf a parcel of land on Sand Key, a narrow barrier island just west of Clearwater. The property was formerly part of a larger tract of land on which a condominium project, The Sand Key Club, was developed in 1973. The project comprised 104 residential units and a clubhouse, all constructed on 3.32 acres of land zoned general commercial (CG).
At some time prior to October 1975, the parcel of land housing the clubhouse became severed from the rest of the condominium project. The developer apparently deeded the property from the development company to himself and his wife. The developer then utilized the clubhouse as a public restaurant and lounge. The city of Clearwater became aware of the change in ownership and the conversion of the clubhouse through a Mr. Rebholtz, who filed a law suit contesting the use of the clubhouse as a public facility. Apparently some problems pertaining to the change in usage arose, which the city attempted to resolve through a series of meetings with the developer. Later the city commission proposed a rezoning of the entire tract from CG to multifamily residential (RM-28).
At the public hearing on the proposed rezoning, which the Abdullaj family attended as they had become interested in the subject property, the commission acknowledged the presence of the restaurant and lounge and specifically exempted it from the rezoning. It therefore remained CG, while the balance of the condominium project was rezoned to RM-28.
The Abdullaj family thereafter purchased the property and continued to operate the restaurant and lounge for several years without objection by the city of Clearwater. In 1981, however, the family received an offer to purchase the restaurant and underlying property conditioned upon the property being rezoned to permit construction of 58 residential condominium units. The offer was revoked when the *1291 city of Clearwater objected to the rezoning proposal on the ground that all development rights to the property had been exhausted with the approval of the Sand Key Club Condominium project.
The Abdullajs filed the instant declaratory action seeking a ruling that they had the right to use the property “to the full extent of the zoning laws and ordinances applicable thereto.” The family maintained that when they purchased the property they had no notice, actual or constructive, of the alleged development rights transfer. They further argued that, assuming the rights had been exhausted, the city should be estopped from asserting this point since its actions prior to purchase had the effect of assuring the Abdullajs the property was “without impediment.”
The city responded by arguing that, according to the official records of the clerk of the city of Clearwater, all development rights in the property had been expended by virtue of a master site plan which was utilized in calculating the permitted density of the overall condominium development. As to the Abdullajs’ claim of estoppel, the city alleged the family had no “right to expect, nor were they ever formally notified, that they could alter or that they could develop the property in any manner other than as a restaurant.”
The trial court agreed with the Abdullaj family, specifically finding in pertinent part:
5. There is no Master Site Plan in existence which precludes the full use of plaintiffs’ property under its CG zoning and CTF land use designation.
6. Plaintiffs had no knowledge of the history of the property and, in reliance upon the actions and inactions of defendant, made substantial changes in position and incurred extensive obligations and expenses. The defendant, however, had actual knowledge of these matters and took no affirmative action. As between the parties, therefore, plaintiffs are obviously in a superior equitable position.
7.The inaction of defendant and the actions of it, including the granting of occupational licenses, constituted equitable estoppel.
Based upon these findings, the court declared the Abdullaj property “to have the full use and benefit of the CG zoning and CTF land use designation as those classifications are defined within the Code of Ordinances of the City of Clearwater ... without restriction or diminuation [sic] whatsoever.”
For the following reasons, we agree with the trial court’s finding that no master site plan exists to preclude the full development of the Abdullaj property.[1] Simply stated, the city failed to sustain its burden of proof on this issue.
The city based its argument on the existence of a master site plan upon which the building permit for the condominium project would have been issued. Yet the city produced no such documentation demonstrating that the condominium developer included the subject property in maximizing the density of the larger tract. The court did have the benefit of a set of building plans, but it, too, lacked the requisite information. Moreover, the city’s only witness, John Richter, chief planner for the city of Clearwater, testified that no zoning records, land use maps, or other documentation in city hall exist to support the city’s position as to the alleged development rights transfer.
David Christiansen, chief of inspection of the city of Clearwater, testified on behalf of the Abdullajs. He identified a voided document as being the master site plan of record in the city’s building department. That drawing includes additional land not ultimately utilized in the original project. Indeed, John Richter acknowledged having seen a plan that provided for additional buildings adjacent to the restaurant and lounge on what is now undeveloped land. The Abdullajs plausibly argued that any *1292 purported density transfer may have descended from the unused land, not from the property housing their restaurant and lounge.
Having found that the city failed to present sufficient evidence establishing the exhaustion of all development rights associated with the Abdullajs’ property, the trial court correctly concluded that the Abdul-lajs were entitled to the full utilization of the property as permitted by the applicable zoning and land-use classifications.
AFFIRMED.
GRIMES, A.C.J., and SCHEB, J., concur.

. Although not necessary to the disposition of the instant case, we disagree with the trial court’s ruling on the question of estoppel.